Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 3240 | DATE | OCTOBER 30, 2003 |
| CASE TITLE | AUGUSTINA SMITH and SHARON MOORE v. CHEM-PLATE INDUSTRIES, INC., et al. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for **JANUARY 14, 2004** at 11:00 a.m.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants' motion to dismiss [5-1] is denied and defendants' motion for summary judgment [5-2] is denied without prejudice. Within two weeks, defendants shall answer the complaint. All discovery is to be completed by February 27, 2004. Status hearing set for January 14, 2004 at 11:00 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | 2 number of notices | Document Number |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | OCT 3 1 2003 date docketed | |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | 12 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 10/30/2003 date mailed notice | |
| cw | courtroom deputy's initials | mqm mailing initials | |
| | | Date/time received in central Clerk's Office | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AUGUSTINA SMITH and )
SHARON MOORE, )
 )
        Plaintiffs, )
 )
v. ) No. 03 C 3240
 )
CHEM-PLATE INDUSTRIES, INC., )
MWFI f/k/a Midwest Fasteners )
Corporation, and STEEL SALE & )
PROCESSING, INC. f/k/a )
CHICAGO-HEAT TREAT, )
 )
        Defendants. )

## MEMORANDUM OPINION AND ORDER

It is alleged that plaintiffs Augustina Smith and Sharon Moore were employed[1] by three defendants identified as Chem-Plate Industries, Inc.; MWFI f/k/a Midwest Fasteners Corporation; and Steel Sale & Processing, Inc. f/k/a Chicago Heat Treat. Both plaintiffs bring claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Plaintiffs contend they were sexually harassed by the same supervisor, Robert Sheehan. Smith alleges she was harassed from February 1997 until June 1999. Moore alleges she was harassed from March 1999 until June

---

[1] The complaint does not specify whether either plaintiff is still employed by any of the defendants.

1999. Additionally both plaintiffs allege that they were retaliated against after filing administrative complaints in June 1999. Smith alleges retaliation in the form of improper discipline and denial of overtime that occurred between October and December 1999. Moore alleges similar retaliation occurring between August and December 1999.[2]

Defendants, all of whom are represented by the same counsel, contend that they are actually five separate entities, that is the alleged formerly known as names are actually distinct entities. The three principally named defendants (that is Chem-Plate, MWFI, and Steel Sale) all contend they are inappropriate defendants. They contend that transfer of assets and sales that occurred over time did not leave any of these three defendants liable for any possible liability of the other two defendants. These defendants move to dismiss or alternatively for summary judgment.

The complaint alleges that each defendant was an employer of each plaintiff during the pertinent time period. That is a sufficient basis for liability for the alleged harassment and retaliation that occurred. Additional contentions regarding transfers of assets and changes of ownership are not included in the allegations of the complaint. Consideration of those issues would require consideration of documents and facts outside the

---

[2] As to both plaintiffs, it is unclear if the denial of overtime is alleged to have occurred outside these dates as well.

complaint. Therefore, those issues may only be considered on summary judgment. The motion to dismiss will be denied.

The motion for summary judgment will not be addressed on its merits. First, defendants have not provided a statement of uncontested facts as required by Local Rule 56.1. Second, plaintiffs have not yet had an opportunity for discovery. Plaintiffs' Federal Rules of Civil Procedure Rule 56(f) affidavit explains plaintiffs' need for discovery as to issues involving defendants' transfers and sales. Plaintiffs are entitled to discovery before responding to this issue. Moreover, since all defendants are represented by the same counsel, no otherwise unnecessary expenses are being incurred by having all defendants remain in the case for the time being.

The parties' pleadings make passing reference to possible discovery issues. It would, however, be inappropriate to resolve any discovery issues prior to an appropriate conference between the parties, see L.R. 37.2, and the filing of any appropriate motion to compel. It is noted, however, that it appears unnecessary to serve separate discovery requests on each party since all are represented by the same counsel. To the extent some of the questions do not apply to particular defendants or documents for a particular time period are irrelevant as to a particular defendant, defendants must first meet with plaintiffs

in an attempt to agree to narrow certain document requests or interrogatories.

Defendants also suggest that any discovery should be presently limited to the issue of who is an appropriate defendant. No such limitation is being placed on discovery. Even if some defendants are ultimately dismissed out, there is no contention that two of the defendants should not be in the case so the discovery is going to occur regardless.

To the extent discovery reveals that certain defendants should not be named as defendants or other defendants should be added, plaintiffs should promptly amend the complaint.

IT IS THEREFORE ORDERED that defendants' motion to dismiss [5-1] is denied and defendants' motion for summary judgment [5-2] is denied without prejudice. Within two weeks, defendants shall answer the complaint. All discovery is to be completed by February 27, 2004. Status hearing set for January 14, 2004 at 11:00 a.m.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: OCTOBER 30, 2003